## Park's Petition.

Argued January 3, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

61

*George F. P. Langfitt,* First Assistant District Attorney, for petitioner.

*Russell H. Adams,* Assistant District Attorney, and *Louis L. Kaufman,* for respondent, President Judge of Allegheny County Court.

OPINION BY MR. JUSTICE LINN, January 24, 1938:

This is a petition by the District Attorney of Allegheny County for a writ of prohibition[1] directed to the president judge of the Court of Common Pleas of that county and to the president judge of the County Court, to prevent the assignment of a County Court judge to hold the court of Oyer and Terminer in that county, pursuant to the Act of May 21, 1937, P. L. 791.

The question is whether the Act is constitutional. Section 1 provides: "That, in addition to the powers now possessed and exercised by the judges of the county court in and for the county of Allegheny, said judges shall, when called upon by the president judge of the court of common pleas of the same judicial district as hereinafter provided, have power to hear and determine, when certified according to the provisions of clause (b) of this section, all pleas or criminal issues, and all issues and other matters in the court of oyer and terminer and general jail delivery and the court of quarter ses-

---

[1] On jurisdiction, see *McNair's Petition,* 324 Pa. 48, 187 A. 498; *First Congressional District Election,* 295 Pa. 1, 144 A. 735.

sions of the peace for said judicial district, so fully and effectually and to dispose thereof in the same manner as may be done by the judges of the court of common pleas sitting in said courts." Other provisions need not be recited.

A majority of the judges of the common pleas agreed, as the order quoted in the record states, that the Act "is clearly in violation of Article V, section 8, of the Constitution of the Commonwealth of Pennsylvania, but deeming it to be in the public interest that the constitutionality of the aforesaid act be tested," they proceeded to give effect to its provisions. McKIM, P. J., of the County Court, "was detailed and certified to preside specially as called upon [in the trial of] the case of *Commonwealth v. Frank Scarpino,* No. 16 April Sessions, 1937, O. & T." in which Scarpino is indicted on the charge of robbery.

The County Court is not one of the courts established by the constitution; it was created pursuant to the Act of May 5, 1911, P. L. 198, 17 PS section 621, et seq.: *Gottschall v. Campbell,* 234 Pa. 347, 83 A. 286. It was given jurisdiction in civil actions for money judgments not exceeding $600[2]; in replevin, subject to the same maximum; exclusive jurisdiction in so-called desertion cases *(Com. v. Hopkins,* 241 Pa. 213, 88 A. 442) and of appeals from summary convictions and from judgments on suits for penalties in courts not of record: section 6 (b), (c) and (d). It is a court of limited jurisdiction and inferior to the court of common pleas.

Allegheny County has one court of common pleas with 14 judges. Article V, section 4, of the constitution, provides that "Until otherwise directed by law, the courts of common pleas shall continue as at present established, except as herein changed. . . ." Section 8 requires the court of common pleas "in turn to detail one or more of their judges to hold the courts of oyer and terminer

[2] Subsequent amendments have increased this amount.

. . . in such manner as may be directed by law." Section 9 provides that "Judges of the courts of common pleas learned in the law shall be judges of the courts of oyer and terminer. . . ."

As the constitution, then, directs that common pleas law judges "shall be judges of the courts of oyer and terminer," and that the common pleas judges of Allegheny County must detail "one or more of their judges to hold the courts of oyer and terminer" we examine the Act to see whether the legislature, ostensibly acting pursuant to the words of section 8 "in such manner as may be directed by law," has changed the manner in which the common pleas judges shall detail "one . . . of their judges" to hold the oyer and terminer. We see at once that if the Act is relied on as authority to call in a county court judge, the common pleas judges are relieved from the constitutionally imposed duty of detailing one of their number and, instead, are permitted to detail one who is not a judge of the common pleas. The Act would not produce a mere change in the manner of detailing a common pleas judge nor would it be making a change in the common pleas within the authority of section 4, but it would result in a choice from a class of judges whose members are not authorized by the constitution to hold the court. The Act is in plain conflict with Article V, section 8, "The said courts [of common pleas] in the counties of Philadelphia and Allegheny, respectively, shall, from time to time, in turn detail one or more of their judges to hold the courts of oyer and terminer and the courts of quarter sessions of the peace of said counties, in such manner as may be directed by law."

The Act of May 21, 1937, P. L. 791, is, as was thought by a majority of the learned judges of the court of common pleas, in conflict with the constitution and void; petitioner is entitled to the writ, but we shall assume, until further advised, that it will be unnecessary formally to cause the writ to be issued; respondents shall pay the record costs.